Froessel, J.
In a trial which took place before the decision of the Supreme Court of the United States in Mapp v. Ohio *159 (367 U. S. 643) on June 19, 1961, defendant was convicted in City Magistrates’ Court of having violated sections 986 and 986-b of the Penal Law. After the Mapp decision, and on December 27, 1961, the convictions were affirmed, without opinion, by the Appellate Part of the Court of Special Sessions. On this appeal by permission of a Judge of this court, defendant contends that the evidence upon which he was convicted was obtained by unlawful search and seizure.
We do not reach the question of the alleged illegality of the search and seizure, for in our opinion no question of law has been preserved for our review. In this case, unlike People v. Loria (10 N Y 2d 368), no objection was taken on constitutional grounds to the introduction of the allegedly illegally obtained evidence. And unlike People v. O’Neill (11 N Y 2d 148) and People v. Coffey (11 N Y 2d 142), decided herewith, the present record is utterly barren as to any inquiry by defense counsel with regard to the lawfulness of the alleged search and seizure, by means of which inquiry, or at least some effort in that direction, defendant might have preserved the question for our review, as the statute requires (Code Crim. Pro., § 420-a). Indeed, illegality was not even suggested, and defendant did not merely fail to object, but expressly stated that he had no objection to the admissibility of such evidence. People v. Nixon (248 N. Y. 182) is clearly inapt here.
Confronted with a kindred situation, the Court of Appeals of Maryland in Shorey v. State (227 Md. 385, 177 A. 2d 245, 247), refused to consider appellant’s contention with respect to an allegedly illegal search and seizure which took place on May 28, 1960, stating: “ [T]he complete answer is that there was no objection in the trial court on the ground of illegal arrest. Young v. State, 220 Md. 95, 99, 151 A. 2d 140, cert. den. 363 U. S. 853, 80 S. Ct. 1634, 4 L. Ed. 2d 1735. Nor was there any objection to the introduction in evidence of the articles of clothing. [Citations omitted.] The majority opinion in the Mapp case seems to recognize (367 U. S. p. 659, 81 S. Ct. p. 1684 note 9) that State procedural requirements to raise or preserve the question may still be respected, even where it is claimed that the Fourteenth Amendment is violated by the introduction of illegally obtained evidence in a State prosecution.” (See, also, Green v. Maryland, 227 Md. 296.)
*160 We reach the same result as did the California Supreme Court in cases following that court’s decision in People v. Cahan (44 Cal. 2d 434) in which the then Federal exclusionary, rule was adopted. In People v. Kitchens (46 Cal. 2d 260) one of the police officers involved was asked on cross-examination “ whether he had a search warrant, a warrant for defendant’s arrest, or any doubt when he entered the apartment and searched defendant that defendant ‘ was responsible for having possession of marijuana ’ and a prosecution objection on the ground of irrelevancy to each question was sustained ” (p. 262). Under those circumstances, in an opinion written by Judge Traynor, the court held that it would review the admissibility of evidence although “proper objection” had not been made in the trial court.
Then in People v. Farrara, (46 Cal. 2d 265, 268) Judge Traynor distinguished People v. Kitchens (both pre-Cahan trials), and held that where “no objection was made to the introduction of the evidence in the trial court, and no evidence was presented for the purpose of showing whether or not the officers acted lawfully ’ ’, the court would not entertain the question of alleged illegal search and seizure. Farrara was expressly followed in People v. Beard (46 Cal. 2d 278, 280) and in People v. Citrino (46 Cal. 2d 284, 287) and approved in Badillo v. Superior Court (46 Cal. 2d 269, 272).
The judgment appealed from should be affirmed.