UNITED STATES of America ex rel. James P. CARAFAS, Appellant,

v.

J. Edwin LaVALLEE, Warden, Auburn Prison, Auburn, New York, Appellee.

No. 452, Docket 28655.

United States Court of Appeals Second Circuit.

Submitted June 1, 1964.

Decided June 22, 1964.

James P. Carafas, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City (Samuel A. Hirshowitz, First Asst. Atty. Gen.,

and Barry Mahoney and Brenda Soloff, Deputy Asst. Attys. Gen., of counsel), for appellee.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

KAUFMAN, Circuit Judge.

Contending that the fruits of an unlawful search and seizure were improperly admitted into evidence at his trial, a New York prisoner convicted before the Supreme Court's decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), but whose appeal was pending when that decision was rendered, here seeks to invalidate his conviction under the Fourteenth Amendment's due process clause. While the constitutional issue was raised and considered in the state courts on direct appeal, we are asked to determine whether the petitioner's failure to object to the evidence at trial or to seek a New York collateral remedy preclude federal habeas corpus relief.

Petitioner was convicted of burglary in the third degree and grand larceny in the second degree, after a jury trial in Nassau County Court in 1960, for the alleged theft of furniture from a model home; he was sentenced to concurrent terms of from three to five years. Carafas' petition alleged that the police, acting on a tip that a Cadillac and trailer registered in his name were seen near the model home on the morning of the theft, came to his residence without a warrant. Informed that Carafas lived on the second floor of the two-family dwelling, the police proceeded up the stairway without ringing the doorbell. Carafas further alleged that upon reaching the half-way landing one of the detectives was able to observe some of the stolen furniture in his living room, and that the police then called his name, and arrested him when he appeared. Carafas attacks his conviction, claiming that approximately twenty-five photographs of the purported proceeds of the burglary, obtained as the fruits of this allegedly unconstitutional entry and search, were introduced at

his trial and served as the primary basis of his conviction.

Because Mapp was decided after Carafas' conviction, no constitutional objection was taken at trial and the Mapp issue was first urged on appeal to the Appellate Division. The conviction was, however, affirmed without opinion. People v. Carafas, 14 A.D.2d 886, 218 N.Y.S. 2d 536 (1961). The Court of Appeals affirmed, 11 N.Y.2d 891, 227 N.Y.S.2d 926, 182 N.E.2d 413 (1962), later amending its remittitur to show that the search and seizure question had been "presented and necessarily passed" upon and that Carafas' constitutional rights were not violated. 11 N.Y.2d 969, 229 N.Y.S.2d 417, 183 N.E.2d 697 (1962), cert. denied, 372 U.S. 948, 83 S.Ct. 944, 9 L.Ed.2d 973 (1963).

In proceedings below the District Court did not reach the merits, and denied without prejudice Carafas' petition for a writ of habeas corpus, suggesting that he first apply to the state courts for reargument. The district judge, who decided on the petition alone without calling for the state court records, thought it significant that Carafas' pleading did not refer to any page of the trial record "to show that a lawyer stood on his feet and said 'I object.'" Apparently assuming that the constitutional claim was rejected on appeal because of this failure to object, the court held that the petitioner should reapply to the state courts for reconsideration in light of an intervening decision, People v. Kelly, 12 N.Y.2d 248, 238 N.Y.S.2d 934, 189 N.E.2d 477 (1963), which held that intermediate appellate courts may, regardless of objections or exceptions, reverse in the interests of justice.

Carafas followed this suggestion, but the Appellate Division denied his motion for reargument, stating that it had duly considered the Mapp question and had concluded that the decision was "inapplicable to the facts in this case." N.Y. L.J., October 30, 1963.

■■ We begin by noting that although Carafas was convicted before the

Mapp decision, our recent holding in United States ex rel. Angelet v. Fay, 333 F.2d 12 (2d Cir. 1964), in no way precludes relief. The Supreme Court and the New York Court of Appeals have clearly held that Mapp applies to cases in the appellate process at the time of that decision, at least where sufficient objection was made at the pre-Mapp trial to preserve the constitutional question for state appellate review. Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); People v. Loria, 10 N.Y.2d 368, 223 N.Y.S.2d 462, 179 N.E.2d 478 (1961). In the present case, however, the State maintains that Carafas did not make any such objection at trial, and that this failure to comply with New York's procedural requirements renders federal habeas corpus unavailable, despite petitioner's contention that illegally seized evidence was used against him at his pre-Mapp trial.

Although Carafas argues that he made numerous non-constitutional objections at trial to the introduction of the tainted photographs, we accept, *arguendo*, the State's position that no objections were made. Under New York law the failure to object would generally preclude raising the Mapp question on appeal. People v. Friola, 11 N.Y.2d 157, 227 N.Y.S.2d 423, 182 N.E.2d 100 (1962); People v. Coffey, 11 N.Y.2d 142, 227 N.Y.S.2d 412, 182 N.E.2d 92 (1962). But in United States ex rel. Angelet v. Fay, 333 F.2d 12 (2d Cir.1964), we held that where the law, both state and federal, at the time of trial made admissible evidence procured by an unreasonable search and seizure, the defendant's failure to object to the evidence cannot be construed as a waiver.

In Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Supreme Court made it clear that waiver affecting federal rights is a federal question. Under the controlling standards, it is equally clear that Carafas did not intentionally relinquish a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). It would be the height of unreason, in this regard, to insist that Carafas should have objected to evidence which was properly admitted under the applicable law at the time of trial. See United States ex rel. Durocher v. LaVallee, 330 F.2d 303, 309 (2d Cir. 1964). Moreover, we note that the Appellate Division and state Court of Appeals emphasized that they had considered petitioner's constitutional claim, thus suggesting that both courts treated the possibility of failure to object at trial as irrelevant.

Alternatively, the State argues that the denial of the writ without prejudice should be affirmed because there was no showing that the claim of illegally obtained evidence was ever presented to a state fact-finding tribunal. We hold, however, that the exhaustion requirements of 28 U.S.C. § 2254 have been satisfied. On more than one occasion in this case a state court was given the opportunity, and did in fact, pass on the merits of Carafas' constitutional claim. The Court of Appeals in amending its remittitur and the Appellate Division in denying a motion for reargument made it clear that they had considered the Mapp claim and found adversely to the petitioner. Moreover, the Appellate Division's statement that Mapp was "inapplicable to the facts in this case" can only be read as an adjudication on the merits It is reasonable to infer that if that court had relied merely on a finding that failure to object at trial foreclosed the Mapp question, it would have said so. And, we have held that the exhaustion requirement is satisfied where a constitutional claim is presented and decided on direct review of a conviction in the state courts. See United States ex rel. Everett v. Murphy, 329 F.2d 68 (2d Cir. 1964). In view of the clear language of the New York appellate courts that Mapp does not apply to this case, we think it would be wasteful of time and judicial resources to require Carafas to test by *coram nobis* in a trial-level state court the constitutionality of his conviction.

**334**

Accordingly, we reverse the denial of the petition for a writ of habeas corpus and remand to the District Court for findings of fact and conclusions of law on whether the photographs introduced at Carafas' trial were the fruits of an unreasonable search and seizure. We, of course, express no opinion on the resolution of this question. The determination by the District Judge may be made either on the state record, which the court will undoubtedly request, or, if a full and fair hearing on the issue was not afforded in the state courts, upon a hearing *de novo*. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).