**UNITED STATES of America ex rel. Leon E. WEST, Appellant,**

v.

**J. Edwin LaVALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent-Appellee.**

**No. 502, Docket 28667.**

United States Court of Appeals Second Circuit.

Argued June 12, 1964.

Decided July 21, 1964.

Daniel I. Davidson, New York City (Anthony F. Marra, New York City, on the brief) (Lester S. Bardack, New York City, of counsel), for appellant.

Mortimer Sattler, Asst. Atty. Gen., (Louis J. Lefkowitz, Atty. Gen., of New York, on the brief) (Samuel A. Hirshowitz, First Asst. Atty. Gen., and Barry Mahoney, Deputy Asst. Atty. Gen., of counsel), for respondent-appellee.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

PER CURIAM.

In this habeas corpus proceeding, relator, a state prisoner held pursuant to a judgment of conviction of the Albany

---

County Court of the crime of possession of narcotics with intent to sell, alleged that illegally seized evidence was introduced at his trial and that a confession obtained under duress was used against him, in violation of his rights under the Fourteenth Amendment. The court below dismissed the writ without a hearing.

Petitioner's trial was held in October, 1959, and he appealed to the Appellate Division, Third Department. After the decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), his appeal was ordered reargued, and the Appellate Division reversed, on the Mapp grounds. People v. West, 15 A.D.2d 686 (1962). However, the Court of Appeals in turn reversed this decision, holding that petitioner had waived his right to appeal on this issue because of his counsel's failure to object to the introduction of the evidence. 12 N.Y.2d 1090, 240 N.Y.S.2d 159 (1963).

The District Court, in ruling on relator's application for the writ of habeas corpus, determined that the rule in Mapp should not be applied retroactively to any extent. In view of our subsequent decision in U. S. ex rel. Carafas v. Murphy, 334 F.2d 331 (1964), this was error when applied to a case which was within the ordinary appellate process when Mapp was decided. And West's failure to object to the evidence at his trial when the law was squarely against him cannot be considered a waiver of his constitutional rights. U. S. ex rel. Angelet v. Fay, 333 F.2d 12 (2 Cir. 1964). Since the petitioner raised this issue on direct appeal, no further state court proceedings were necessary for him to exhaust his state remedies, and the case is now ready for federal court action. As the state may wish to develop a fuller record on the circumstances of West's arrest, we will remand for a determination of petitioner's claim, including a hearing if this is deemed necessary.

The claim based on the allegedly involuntary nature of the confession was not urged during oral argument of this appeal. Since the date of the argument, however, the Supreme Court decided Jackson v. Denno, 84 S.Ct. 1774, and Escobedo v. Illinois, 84 S.Ct. 1758 which may be relevant to the question whether admission of the confession into evidence violated petitioner's federal constitutional rights. In view of our conclusion on the first phase of the case, we do not reach these questions but leave the decision on them to petitioner and the District Court.

The Court expresses its thanks to Daniel I. Davidson and Lester S. Bardack, Esqs., assigned counsel, for their effective presentation of appellant's case.

Reversed and remanded for further proceedings.