Frank C. DILLON, Chief Probation Department, City and County of Denver, State of Colorado, Appellant,

v.

Wendell Austin PETERS, Appellee.

No. 7740.

United States Court of Appeals Tenth Circuit.

Feb. 13, 1965.

338

Theodore A. Borrillo, Chief Deputy Dist. Atty. (Bert M. Keating, Dist. Atty., and Joann G. Ward, Deputy Dist. Atty., were with him on the brief), for appellant.

Wendell Austin Peters, pro se.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

LEWIS, Circuit Judge.

■ This appeal is taken from an order of the District Court for the District of Colorado, entered in a habeas corpus proceeding, declaring appellee's state court conviction to be "null and void."[1] The order was entered after a full evidentiary hearing[2] and a determination that appellee's conviction had been premised upon the introduction in the Colorado state court of evidence obtained by an illegal search and seizure and that appellee had exhausted his state remedies. Peters v. Dillon, D.Colo., 227 F.Supp. 487. The legal basis for the trial court's ruling is founded upon the rule announced in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, that all evidence obtained by searches and seizures in violation of the Federal Constitution is inadmissible in a criminal trial in a state court. Now conceding the illegality of the subject search and seizure and the exhaustion of state remedies by appellee, appellant asserts that the trial court has erroneously given retrospective effect to the compulsion of Mapp and that, further, appellee's failure to object to the illegal evidence during his trial has effectively barred consideration of his claims in federal habeas corpus. A consideration of these contentions requires a narration of the procedural background and history of appellee's state court conviction parallelistic with the June 19, 1961 decision of the United States Supreme Court in Mapp.

Appellee was convicted of larceny on May 16, 1961, after trial to a state court jury. No motion to suppress evidence was made before or during the trial nor was any issue of the illegal search made, by objection or otherwise, during the

1. The order provides:
"It Is Therefore
"Ordered that petitioner's conviction be, and the same hereby is, declared illegal and therefore null and void. The State of Colorado may rearrest and retry petitioner if it sees fit to do so."

2. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

course of the trial. A motion for new trial was filed and was pending at the time Mapp was decided. Appellee had not then been sentenced. On August 2, 1961, an amended motion for new trial was filed which requested, as an alternative for new trial, that a special hearing be held to determine whether the subject evidence had been illegally seized. The motion was denied. On September 8 a further motion was presented to the trial court requesting that the case be reopened for the purpose of taking testimony probing the competency and admissibility of the evidence. This motion was denied and appellee was subsequently sentenced.

The Colorado Supreme Court affirmed the judgment upon the merits, Peters v. People, 151 Colo. 35, 376 P.2d 170, stating in pertinent part:

> "We conclude that the decision * * * [in Mapp v. Ohio] went no farther than to exclude in the state courts the use of evidence obtained by way of an unreasonable search and seizure as forbidden by the Fourth Amendment to the United States Constitution. It does not exclude all evidence which might be obtained as an incident to a lawful arrest, nor does it preclude the admission of all evidence which may have been obtained without the sanction of a search warrant. The evidence before the court clearly indicated a permissive search [3] and there is nothing whatever in the record to indicate 'an unreasonable search and seizure' within the coverage of Mapp v. Ohio, supra." 376 P.2d at 175.

In seeking a rehearing the appellee again reiterated his claim that:

> "Defendant merely seeks an opportunity for a hearing on the issues presented by his 'motion to Suppress.' Defendant admits that the record does not specifically reflect an unreasonable seizure; the Defendant was never given the opportunity to present such evidence. (See Defendant's Opening Brief, p. 79 and Reply Brief, pp. 15–17.) *The Trial Court ruled on the substantive merits of the Defendant's motion without allowing evidence to be offered in support of the motion (f. 1431).* We would assert that the record taken as a whole shows that Defendant was not within 100 miles of Denver when his office was raided (the day after his home was searched) by police officers; Exhibits A, P and O, taken from the office without benefit of a warrant or any conceivable permission of the absent Defendant (ff. 588–598)." (Emphasis in original.)

The motion for rehearing was denied on June 19, 1963, and the present application for a writ of habeas corpus was filed on August 29, 1963.

We have no hesitancy in rejecting appellant's contention that appellee's initial failure to move to suppress or to object to the admission of the subject evidence covers the state judgment with finality or with a factual question of waiver. Federal cognizance of the denial of a constitutional right remains open in habeas corpus unless adequate state procedures are deliberately bypassed. Henry v. State of Mississippi, 85 S.Ct. 564, filed Jan. 18, 1965; Jackson v. Denno, 378 U.S. 368, 370 n. 1, 84 S.Ct. 1774, 12 L.Ed.2d 908; Fay v. Noia, supra, 372 U.S. at 438–439, 83 S.Ct. at 848–849. The Second Circuit has three times held that, in similar pre-Mapp situations, failure to object to the introduction of illegally obtained evidence does not constitute a waiver of the accused's rights. United States ex rel. West v. LaVallee, 2 Cir., 335 F.2d 230, 231; United States ex rel. Carafas v. LaVallee, 2 Cir., 334

---

3. The record before this court does not show upon what basis this affirmative statement is made. As we have indicated, the appellant makes no such present claim in behalf of the state.

F.2d 331, 333, petition for cert. filed sub nom., LaVallee v. Carafas, 33 L.W. 3134; United States ex rel. Angelet v. Fay, 2 Cir., 333 F.2d 12, 16, cert. granted sub nom., Angelet v. Fay, 379 U.S. 815, 85 S.Ct. 126, 13 L.Ed.2d 28. See also People v. Kitchens, 46 Cal.2d 260, 294 P.2d 17. And in the case at bar appellee brought the matter to the attention of the trial court in an amended motion for a new trial soon after Mapp had been decided. It is difficult to visualize appellee's doing more to bring the issue before the court, particularly since Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782, the law prior to Mapp, had never before been said to be of doubtful authority by a majority of the Supreme Court. Bender, The Retroactive Effect of an Overruling Constitutional Decision: Mapp v. Ohio, 110 U.Pa.L.Rev. 650, 654, 657; see Elkins v. United States, 364 U.S. 206, 213–214, 80 S.Ct. 1437, 4 L.Ed.2d 1669. We hold, therefore, that appellee did not waive his right to the exclusion of illegally obtained evidence.

 The question of retrospective application of the exclusionary rule of Mapp has received much attention in both federal[4] and state[5] courts, as well as by legal writers.[6] But in the case at bar we are not concerned with the problems of total retrospectivity for here only appellee's actual trial predated the decision in Mapp and the judgment was not final at the trial level when the Colorado courts were first approached with the constitutional aspects of the case. Our case is thus distinguishable from the situation considered by this court in Gaitan, supra, wherein we held the dictate of Elkins v. United States, supra, not applicable to a judgment clothed with three years of finality and indicated that we found "nothing in Elkins, Rios,[7] or Mapp which says whether those decisions should be applied retroactively or prospectively," 317 F.2d at 497. And in Gaitan it was not necessary to establish a cutoff point, for in practical application the terms retroactive and prospective were there used in their apparent and general sense. We are now faced with the need for more specificity and hold that the trial court properly determined that, absent a final judgment, the rule of Mapp is applicable.

It would be difficult to justify any other rule. See Bender, supra, at 673–678. That the rule is not less narrow is obvious from the opinions in Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726, and Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171, in each of which the Supreme Court applied the Mapp rule although the convictions had been prior to its announcement. See United States ex rel. Linkletter v. Walker, supra; United States ex rel. Carafas v. LaVallee, supra. To broaden the rule would be to negative the rationale of Gaitan and to harm the evenhanded administration of

4. E.g., Gaitan v. United States, 10 Cir., 317 F.2d 494; United States ex rel. Angelet v. Fay, supra; Sisk v. Lane, 7 Cir., 331 F.2d 235; United States ex rel. Linkletter v. Walker, 5 Cir., 323 F.2d 11, cert. granted sub nom., Linkletter v. Walker, 377 U.S. 930, 84 S.Ct. 1340, 12 L.Ed.2d 295; People of State of California v. Hurst, 9 Cir., 325 F.2d 891, petition for cert. filed, 32 L.W. 3360; Hall v. Warden, 4 Cir., 313 F.2d 483, cert. denied, 374 U.S. 809, 83 S.Ct. 1693, 10 L.Ed.2d 1032.

5. E.g., State v. DelVecchio, 149 Conn. 567, 182 A.2d 402; People v. Bannan, 372 Mich. 292, 125 N.W.2d 875, appeal dismissed, Winkle v. Bannan, 85 S.Ct. 611; State v. Scrotsky, 38 N.J. 14, 182 A.2d 868; People v. Loria, 10 N.Y.2d 368, 223 N.Y.S.2d 462, 179 N.E.2d 478; Commonwealth ex rel. Wilson v. Rundle, 412 Pa. 109, 194 A.2d 143.

6. E.g., Bender, supra; Traynor, Mapp v. Ohio at Large in the Fifty States, 1962 Duke L.J. 319; Morris, The End of an Experiment in Federalism—A Note on Mapp v. Ohio, 36 Wash.L.Rev. 407; Note, 16 Rutgers L.Rev. 587.

7. Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688.

justice in a faulty search for perfection in the application of a modern constitutional concept. The views of other courts are in near unanimous accord.[8]

The judgment is affirmed.

8. See cases cited in notes 4 and 5, supra, and cases cited by the trial court, 227 F.Supp. at 494–495.