**UNITED STATES of America ex rel. Joseph John McCULLERS, Relator-Appellant,**

v.

**Daniel McMANN, Warden of Clinton State Prison, Dannemora, New York, Respondent-Appellee.**

**Nos. 197, 198, Dockets 30674, 30675.**

United States Court of Appeals Second Circuit.

Argued Nov. 22, 1966.

Decided Jan. 6, 1967.

Philip C. Pinsky, Syracuse, N. Y., for appellant.

Joel Lewittes, New York City (Louis J. Lefkowitz, Atty. Gen. of New York,

Samuel A. Hirshowitz, First Asst. Atty. Gen., and Norman Beck, Asst. Atty. Gen., on the brief), for appellee.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Appellant is a New York State prisoner confined in Clinton State Prison. He was sentenced on February 23, 1961 as a third felony offender to a term of from fifteen to twenty years upon his conviction after a jury trial for second degree burglary, petit larceny and possession of burglar's tools.

Appellant's application for a writ of habeas corpus was denied by the United States District Court for the Northern District of New York. He appeals from the order of denial. It is conceded that he has exhausted the state remedies available to him.

Appellant alleges, as the ground for his application, the introduction against him, in contravention of the rule laid down in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), of evidence which had been illegally seized. Appellant's case was pending on appeal at the time of the decision in *Mapp* and the rule of *Mapp* is therefore applicable. Linkletter v. Walker, 381 U.S. 618, 622, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Moreover, since appellant's trial took place before the ruling in *Mapp* was handed down, he has standing to raise the *Mapp* issue even though he made no objection to the introduction of the evidence which he now claims was illegally seized. United States ex rel. West v. LaVallee, 335 F.2d 230 (2d Cir. 1964), cert. denied sub nom. LaVallee v. Carafas, 381 U.S. 951, 85 S.Ct. 1798, 14 L.Ed. 2d 725 (1965).

By stipulation of the parties the district court held no evidentiary hearing and confined its consideration to the transcript of the testimony on the state trial.

The issue with regard to the evidence which was found on the person of the appellant and which was used against him at the trial is whether the search which led to the discovery of the evidence was incidental to a lawful arrest. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). The district court determined that the arrest and, therefore, the search were lawful. We affirm this determination.

The trial transcript shows that on May 22, 1960 at about four A.M. the proprietor of a candy store in Hollis, a section of the borough of Queens, New York City, called the police to report that his store was being burglarized. A police car with two policemen was dispatched to the scene. On their way to the store the policemen saw two men standing at a bus stop about two blocks away from the store. They observed no one else in the neighborhood. At the store they found that there had indeed been a burglary.

A few minutes later the police returned to the bus stop where the two men had been. Only one of the men was still there, the appellant. The police asked him what he was doing there at that hour. He replied that he had been playing poker. He was unable to name the other players or to give the address where the game took place.

The police then "frisked" the appellant. In reaching its conclusion on probable cause the district court relied to a considerable extent on evidence that during the "frisk" the police felt several packages of cigarettes in appellant's pocket and that, in reply to a question about the cigarettes, appellant said that some man had sold them to him. One of appellant's main arguments on this appeal is that the evidence of the policemen as to the discovery of the cigarettes is so inconsistent that the district court erred in its finding on that subject. We believe that there is no need to resolve this issue because the circumstances justified the arrest of appellant entirely apart from the evidence as to the cigarettes. The appellant also raises a question as to the legality of the "frisk" but states that he "would merely preserve the point for further appellate review." Under our approach to the case

the issue of the legality of the "frisk" is irrelevant.

Appellant was thereupon arrested and was taken to the candy store where he was searched. On his person were found a screw driver, packages of cigarettes bearing the same distribution number as those remaining in the stock of the candy store, and a quantity of loose change. The burglar had gained entry by breaking a pane of glass in the front door of the store. There were pieces of broken glass embedded in appellant's clothing and in his pocket was a pair of gloves cut as from handling broken glass.

The Supreme Court has said:

"In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. * * * The rule of probable cause is a practical, nontechnical conception * * *." Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1310–1311, 93 L.Ed. 1879 (1948).

In the present case we have the fact that a burglary was committed and that the police were aware of the crime, that appellant was found at 4:30 A.M. alone on the street not far from the store which had been burglarized and that when questioned as to what he was doing there he replied evasively and falsely.

It is important that the police officers knew that a felony had been committed. They were not proceeding merely on the basis of the suspicious circumstances in which the appellant was found. The case is for this reason much stronger on the issue of probable cause than Pigg v. United States, 337 F.2d 302 (8th Cir. 1964), which is cited by appellant. In *Pigg* the police were entirely unaware that any crime had been committed.

While each case involving probable cause turns on its own facts, and the present case is no exception, there are a number of cases in which this and other Courts of Appeals have found that probable cause existed where some of the facts bore a resemblance to the facts of the present case. See United States v. Thompson, 356 F.2d 216 (2d Cir. 1965), cert. denied, 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966) ; United States ex rel. Mason v. Murphy, 351 F.2d 610 (2d Cir. 1965) ; United States v. Zimple, 318 F.2d 676, 679 (7th Cir.), cert. denied, 375 U.S. 868, 84 S.Ct. 128, 11 L.Ed.2d 95 (1963) ; Cogdell v. United States, 113 U.S.App.D.C. 219, 307 F.2d 176 (1962), cert. denied, 371 U.S. 957, 83 S.Ct. 515, 9 L.Ed.2d 505 (1963) ; Bell v. United States, 102 U.S.App.D.C. 383, 254 F.2d 82, cert. denied, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113 (1958) ; Seawell v. United States, 243 F.2d 909 (4th Cir. 1957).

Affirmed.