**Petition for Ernest REED, for a Writ of Habeas Corpus, Petitioner,**

**v.**

**Harold W. FOLLETTE, as Warden of Green Haven Prison, Stormville, New York, Respondent.**

**No. 67 Civ. 330.**

United States District Court
S. D. New York.

May 10, 1967.

Howard & Wright, New York City, for petitioner, Bruce McM. Wright, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent, Brenda Soloff, Asst. Atty. Gen., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner, serving a sentence of from five to twelve years in Green Haven Prison, Stormville, New York, imposed pursuant to a judgment of conviction rendered in 1960 in the Court of General Sessions, New York County, for criminally possessing a pistol,[1] seeks a writ of habeas corpus upon the ground that his federal constitutional rights were violated by the introduction in evidence upon his trial of a gun taken from him during an alleged illegal search of his person.

Petitioner's trial was prior to the Supreme Court's decision in Mapp v. Ohio,[2] but he was entitled to its benefit because an appeal from his conviction

---

1. New York Penal Law, McKinney's Consol.Laws, c. 40, § 1897(4).

2. 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

was then pending.[3] Although petitioner failed to object at the trial to the introduction of the gun in evidence, he presented the issue upon appeal. His conviction was affirmed without opinion by the Appellate Division[4] and by the Court of Appeals,[5] and thereafter his petition for certiorari was denied by the United States Supreme Court.[6] It is manifest, however, that the state appellate courts did not consider or pass upon the merits of petitioner's constitutional claim first advanced upon appeal, in view of New York's statutory requirement[7] that unless timely and appropriate objection is made at the trial no issue is preserved for appellate review. Thus, the New York Court of Appeals, before its affirmance of petitioner's conviction, held, in People v. Friola,[8] that *Mapp* did not overrule the statutory procedural requirement.

Subsequently, in 1965, petitioner sought a writ of federal habeas corpus in this court. On June 4, 1965 Judge Croake dismissed his application without prejudice for failure to exhaust available state remedies. The basis of Judge Croake's decision was that our Court of Appeals,[9] contrary to prior state rulings,[10] had held that failure to object to the evidence at the trial did not constitute a waiver and thus foreclose consideration of the unlawful search and seizure constitutional claim under *Mapp;* accordingly, Judge Croake held that the exhaustion of remedy doctrine required the state courts be afforded the opportunity to pass upon the merits of petitioner's claim.[11]

Thereafter petitioner sought a writ of error coram nobis in the Supreme Court, New York County, which was denied on October 25, 1965, upon the ground that coram nobis was not available to raise an illegal search and seizure claim, but was properly a matter for appeal. However, petitioner did not appeal therefrom but instead came back to this court and sought reargument of the former dismissal of his habeas corpus petition. Judge Croake, on January 26, 1966, again dismissed the petition without prejudice upon the ground that since petitioner had not appealed from the denial of state coram nobis relief, he had failed to exhaust his available state remedies.[12]

Petitioner thereupon went back to the New York State Supreme Court and

3. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); United States ex rel. McCullers v. McMann, 370 F.2d 757, 758 (2d Cir. 1967); United States ex rel. West v. LaVallee, 335 F.2d 230, 231 (2d Cir. 1964); United States ex rel. Carafas v. LaVallee, 334 F.2d 331 (2d Cir. 1964), cert. denied, 381 U.S. 951, 85 S.Ct. 1798, 14 L.Ed.2d 725 (1965).

4. People of State of New York v. Reed, 14 A.D.2d 871 (1st Dep't 1961).

5. People v. Reed, 11 N.Y.2d 1022, 230 N.Y.S.2d 23, 183 N.E.2d 907 (1962).

6. Reed v. New York, 371 U.S. 898, 83 S.Ct. 198, 9 L.Ed.2d 129 (1963).

7. New York Code Crim.Proc. § 420-a (1946).

8. 11 N.Y.2d 157, 159, 227 N.Y.S.2d 423, 182 N.E.2d 100 (1962).

9. United States ex rel. Carafas v. LaVallee, 334 F.2d 331, 333 (2d Cir. 1964), cert. denied, 381 U.S. 951, 85 S.Ct. 1798, 14 L.Ed.2d 725 (1965). See also United States ex rel. McCullers ,v. McMann, 370 F.2d 757, 758 (2d Cir. 1967).

10. People v. Friola, 11 N.Y.2d 157, 227 N.Y.S.2d 423, 182 N.E.2d 100 (1962).

11. Cf. Bell v. State of Maryland, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964); Patterson v. State of Alabama, 294 U.S. 600, 55 S.Ct. 575, 79 L.Ed. 1082 (1935); United States ex rel. De Lucia v. McMann, 373 F.2d 759 (2d Cir. 1967); United States ex rel. Tangredi v. Wallack, 343 F.2d 752 (2d Cir. 1965); United States ex rel. Bagley v. LaVallee, 332 F.2d 890, 892 (2d Cir. 1964).

12. See United States ex rel. Jiggetts v. Follette, 260 F.Supp. 301, 302 (S.D.N.Y.1966). See also Ex parte Hawk, 321 U.S. 114, 117, 64 S.Ct. 448, 88 L.Ed. 572 (1944); United States ex rel. Molinas v. Mancusi, 370 F.2d 601, 602 (2d Cir. 1967); United States ex rel. Kling v. LaVallee, 306 F.2d 199, 202 (2d Cir. 1962); United States ex rel. Hussey v. Fay, 220 F.Supp. 562, 563 (S.D.N.Y. 1963).

moved to vacate the judgment of conviction upon the illegal search and seizure ground. His application was made under section 517(3) of the Code of Criminal Procedure, which specifies the courts to which appeals may be taken.[13] On November 3, 1966 that court, a court of original and not appellate jurisdiction denied his application on the ground that it was not the proper forum in which appeals may be entertained. Although petitioner had previously been made aware that the state exhaustion doctrine extended to appellate review, again he did not appeal from this denial of relief, but instead returned to the federal court and presented the instant petition.

 Evidently petitioner and his counsel persist in the view that since the constitutional claim was presented on the direct appeal, he is not required to seek appellate relief from the denials of the subsequent coram nobis applications. However, as already noted, petitioner's procedural failure to object at the trial to the admission of the alleged illegally seized gun foreclosed, under New York's applicable statute, consideration of his claim upon the merits by the New York appellate courts.[14] Newly evolved principles, including *Mapp*, and derived therefrom, which came into being subsequent to the entry of petitioner's conviction, cast his claim in a new light. The question whether failure to have objected at trial precluded raising the *Mapp* issue is itself a federal question.[15] Our Court of Appeals' holding in *Carafas* that failure to have objected did not preclude raising the issue constituted a development in federal search and seizure law subsequent to the time petitioner had raised the claim on his appeal from the conviction. The exhaustion doctrine requires that the state courts, including the appellate courts,[16] be afforded the opportunity to pass upon or reconsider petitioner's claim in light of the intervening development in federal law.[17]

If petitioner disagreed with either of Judge Croake's rulings, which held that he had not exhausted available state remedies, he should have appealed therefrom; he will not be permitted to cir-

13. New York Code Crim.Proc. § 517. "In what cases appeal may be taken by defendant

"An appeal may be taken by the defendant as of right from a judgment on a conviction in a criminal action or proceeding as follows:

\* \* \* \* \*

"3. \* \* \* (a) to the appellate division of the supreme court of the department in which the conviction was had, from a conviction by the supreme court \* \* \*.

"An appeal may be taken as of right by the defendant from an order denying a motion to vacate a judgment of conviction, otherwise known as a motion or application for a writ of error coram nobis, to the court to which an appeal from the judgment of conviction would lie as provided in this section \* \* \*."

14. See New York Code Crim.Proc. § 420–a; People v. Friola, 11 N.Y.2d 157, 227 N.Y.S.2d 423, 182 N.E.2d 100 (1962).

15. See Henry v. State of Mississippi, 379 U.S. 443, 447, 85 S.Ct. 564, 13 L.Ed. 2d 408 (1965); Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); United States ex rel. Carafas v. LaVallee, 334 F.2d 331, 333 (2d Cir. 1964), cert. denied, 381 U.S. 951, 85 S. Ct. 1798, 14 L.Ed.2d 725 (1965).

16. See n. 12 supra.

17. See United States ex rel. De Lucia v. McMann, 373 F.2d 759 (2d Cir. 1967); United States ex rel. Martin v. McMann, 348 F.2d 896, 898 (2d Cir. 1965); United States ex rel. Walker v. Fogliani, 343 F.2d 43, 47 (9th Cir. 1965); Miller v. Gladden, 341 F.2d 972, 975 (9th Cir. 1965); Blair v. People of State of California, 340 F.2d 741, 744 (9th Cir. 1965); Commonwealth of Pa. ex rel. Raymond v. Rundle, 339 F.2d 598 (3d Cir. 1964); Hunt v. Warden, 335 F.2d 936, 943 (4th Cir. 1964); United States ex rel. Bagley v. LaValle, 332 F.2d 890 (2d Cir. 1964).

·cumvent them by way of the instant petition.

Notwithstanding his failure to appeal the denial of his coram nobis application, petitioner is still free again to apply for such relief,[18] and, in the event of a denial, to seek appellate review by the state courts. Finally, the New York Court of Appeals has recently decided in People ex rel. Keitt v. McMann [19] that the state writ of habeas corpus is available to challenge as a denial of due process and abridgement of the privilege against self-incrimination the introduction at trial of evidence of prior convictions. The substantive claim involved in *Keitt* is sufficiently similar to the instant search and seizure claim as to suggest that state habeas corpus may now be available to petitioner. Since petitioner's first application was denied upon the ground that coram nobis was not available to raise an illegal search and seizure claim, and his second application also was denied mainly upon procedural grounds, the recent expansion of state habeas corpus is an additional reason for requiring petitioner to present his claims to the courts of New York State.[20]

Petitioner has not been without legal representation and no reason appears for not affording the state courts the opportunity to pass upon the merits of the alleged constitutional infirmity of the judgment of conviction.[21]

The petition is dismissed without prejudice to a renewal in the event, upon consideration by the New York state courts, relief is there denied.

18. See People v. Mazzella, 13 N.Y.2d 997, 998, 245 N.Y.S.2d 6, 194 N.E.2d 835 (1963) ; People v. Boehm, 309 N.Y. 362, 369, 130 N.E.2d 897 (1955) ; Matter of Bojinoff v. People, 299 N.Y. 145, 151, 85 N.E.2d 909 (1949).

19. 18 N.Y.2d 257, 273 N.Y.S.2d 897, 220 N.E.2d 653 (1966).

20. See Case v. State of Nebraska, 381 U. S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965) ; United States ex rel. Roberts v. LaVallee, 373 F.2d 49, 51 (2d Cir. 1967) ;

21. It certainly has not been "authoritatively shown that no further relief is available" to petitioner in the state courts, either through coram nobis or habeas corpus. United States ex rel. Tangredi v. Wallack, 343 F.2d 752, 753 (2d Cir. 1965) ; United States ex rel. Bagley v. LaVallee, 332 F.2d 890, 892 (2d Cir. 1964).