Henry **RAMIREZ**, Appellant,

v.

Felix **RODRIGUEZ**, Warden, Appellee.

No. 72–1229.

United States Court of Appeals,
Tenth Circuit.

Oct. 19, 1972.

Leonard G. Espinosa, Albuquerque, N. M., for appellant.

George E. Pino, Special Asst. Atty. Gen., State of New Mexico, Albuquerque, N. M., for appellee.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PICKETT, Circuit Judge.

Appellant Ramirez was convicted of murder in the first degree in the District Court of Bernalillo County, New Mexico, and as a result is now serving a sentence of life imprisonment in the New Mexico Penitentiary. After exhausting his state court remedies he brought this habeas corpus action in the United States District Court of New Mexico alleging that his detention is unlawful because of the admission of items of evidence during his trial that had been obtained by an unlawful search. The petition was denied.

On October 25, 1966, an elderly watch shop owner in Albuquerque, New Mexico, was robbed and severely beaten by two individuals. The victim died as a result of the beating. At the time of the robbery a witness heard unusual noises in the watch shop and told police officers that one of the two men he had seen leaving the shop immediately after the crime had entered a nearby barbershop. An officer entered the barbershop and observed Ramirez removing his coat, upon which the officer observed bloodstains. When the officer saw a pistol protruding from one of Ramirez' trouser pockets he arrested him. The search of Ramirez following the arrest produced the questioned evidence that was later admitted in his trial for mur-

der. The pistol was unloaded and Ramirez had no ammunition in his possession at the time of the arrest. The carrying of an unloaded pistol is not a crime in New Mexico. N.M.Stat.Ann. § 40A–7–2 (Repl.1972).

Throughout the trial and in state post conviction proceedings Ramirez maintained that the arrest was without probable cause and that the search was illegal. State v. Ramirez, 79 N.M. 475, 444 P.2d 986 (1968); State v. Ramirez, 82 N.M. 486, 484 P.2d 328 (1971). There is no contention that available state procedures were waived or bypassed. Indeed, Ramirez has done everything he is required to do before instituting this action. In dismissing the petition for habeas corpus the district court, in addition to holding that there was probable cause for the arrest of Ramirez and that the search and seizure incident thereto was not unreasonable, also held that a federal court would not entertain the question of illegal search and seizure if that question had been litigated by written motion in a state court or by contemporaneous objection at the trial,[1] relying on Henry v. Mississippi, 379 U. S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

■ 28 U.S.C. § 2254 provides that a writ of habeas corpus shall be entertained in federal courts on behalf of persons in custody pursuant to judgments of state courts when it is alleged that the custody is in violation of the Constitution or laws or treaties of the United States. The 1966 amendments to this section provide that in federal court habeas corpus proceedings, factual issues determined after a hearing on the merits by a state court and evidenced by written findings, opinion or other reliable and adequate written indicia, shall be presumed to be correct unless certain exceptions are established. These provisions in no way curtail the right to have a constitutional question reviewed in federal court, including the question of validity of a search and seizure. Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). In Fay v. Noia, 372 U.S. 391, 424, 83 S.Ct. 822, 841, 9 L.Ed.2d 837 (1962), it was said that "conventional notions of finality in criminal litigation cannot be permitted to defeat the manifest federal policy that federal constitutional rights of personal liberty shall not be denied without the fullest opportunity for plenary federal judicial review." See also Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L. Ed.2d 1081 (1961); Dillon v. Peters, 341 F.2d 337 (10th Cir. 1965). The purpose of the 1966 amendments is to require exhaustion of state remedies and to expedite the disposition of federal court proceedings in cases where factual questions have had a full and fair hearing on the merits in state court. 1966–3 U.S.Code Cong. & Admin.News, p. 3663. The exhaustion of remedies of the state courts is required by § 2254 before federal proceedings may be instituted. See Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). In Dillon v. Peters, 341 F.2d 337, 339 (10th Cir. 1965), we said, citing Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L. Ed.2d 408 (1965): "Federal cognizance of the denial of a constitutional right remains open in habeas corpus unless adequate state procedures are deliberately bypassed." The right of a state prisoner to raise the constitutional question in federal habeas corpus is without question, but a federal habeas corpus application in an appropriate case may be disposed of by an examination of the state court proceedings and a determination made of the adequacy of those proceedings as contemplated by § 2254. The *Henry* case concerned the question of an intentional waiver or bypass of a state procedural rule and has no application here.

[1]. The pretrial order stated that one of the contested issues of law was "whether a question of illegal search and seizure may be raised in a Federal habeas corpus proceeding." We understand the warden's contention in the state court and here to be that Ramirez, having been given a full and fair hearing under the state post conviction procedure, is foreclosed from further attack upon his detention, including federal habeas corpus relief.

Ramirez' contention that his arrest and the subsequent search was without probable cause is without merit. It is contended that since the arrest was for carrying a deadly weapon, and not for suspicion of aggravated assault, then there was no probable cause for arrest.

If probable cause exists, the actual words used by the arresting officer will not vitiate an otherwise valid arrest and search. Davida v. United States, 422 F. 2d 528 (10th Cir.), cert. denied, 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970); Green v. United States, 386 F.2d 953 (10th Cir. 1967); Sirimarco v. United States, 315 F.2d 699 (10th Cir. 1963); Chaney v. Wainwright, 460 F.2d 1263 (5th Cir. 1972); Ricehill v. Brewer, 459 F.2d 537 (8th Cir. 1972). There is no New Mexico state requirement that an officer advise an accused of the specific charges on which he is being arrested. The arrested party is advised of the charge against him when he is brought before a magistrate. State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967). Under the circumstances of this case, however, we find that probable cause for arrest existed for both carrying a deadly weapon and suspicion of aggravated assault. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1948). When the arresting officer saw the pistol in appellant's pocket, he thereby had all the probable cause needed to arrest Ramirez, regardless of whether the weapon later was found to be unloaded. A police officer, even in New Mexico, under conditions that confronted the policeman in this case, is not obliged to wait until he is fired upon to determine that a suspect's weapon is loaded. The officer may take reasonable steps necessary to protect himself. Such steps include searching the suspect's clothing to determine if any other weapons or ammunition are present. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). If, in making the search, the officer discovers evidence of another crime, he may seize the evidence and it may be used against the accused at a

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

subsequent trial. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); United States v. Simpson, 453 F.2d 1028 (10th Cir.), cert. denied, 408 U.S. 925, 92 S.Ct. 2504, 33 L.Ed.2d 337 (1972); Seymour v. United States, 369 F.2d 825 (10th Cir. 1966), cert. denied, 386 U.S. 987, 87 S.Ct. 1297, 18 L. Ed.2d 239 (1967); United States v. Stamps, 430 F.2d 33 (5th Cir. 1970); Gullett v. United States, 387 F.2d 307 (8th Cir. 1967), cert. denied, 390 U.S. 1044, 88 S.Ct. 1645, 20 L.Ed.2d 307 (1968).

Affirmed.