**UNITED STATES ex rel. Elmer BURKE, Relator-Appellant,**

v.

**Wilfred L. DENNO, Warden of Sing Sing Prison, Respondent-Appellee.**

No. 320, Docket 24546.

United States Court of Appeals Second Circuit.

Argued March 12, 1957.

Decided May 1, 1957.

Maurice Edelbaum, New York City, for relator-appellant.

Frank S. Hogan, Dist. Atty., New York County, New York City (Richard G. Denzer, Albert P. Loening, Jr., Asst. Dist. Attys., New York City, of counsel), for respondent-appellee.

Before HINCKS, STEWART and LUMBARD, Circuit Judges.

PER CURIAM.

The relator was tried, convicted and sentenced to death for first degree murder in the Court of General Sessions of the County of New York. The judgment of conviction was affirmed by the New York Court of Appeals, unanimously and without opinion. People of State of New York v. Burke, 1 N.Y.2d 876, 154 N.Y.S. 2d 637, 136 N.E.2d 711. Certiorari was denied by the Supreme Court of the United States. Burke v. People of State of New York, 352 U.S. 931, 77 S.Ct. 233, 1 L.Ed.2d 166.

Represented by assigned counsel commendably devoted to his cause, relator now appeals from the denial by the district court of his petition for a writ of habeas corpus. It is his contention that New York deprived him of a fair trial in violation of his Constitutional right to due process of law. Three circumstances, he argues, operated in combination to deprive him of this organic right: the trial court's refusal of his request for a continuance or change of venue after prejudicial newspaper publicity; the prejudicial effect upon the jury of security measures maintained in the courtroom; and the trial court's denial of a motion for mistrial after vigorous cross-examination by the prosecution with respect to alleged offenses not covered by the indictment under which he was being tried.

These contentions were fully considered by the district court, as reflected by Judge Sugarman's thorough and conscientious opinion. After a careful review of the record, we adopt that opinion and the conclusions there reached.

One further point not pressed in the habeas corpus proceeding, but raised in the New York Court of Appeals, merits

836

brief discussion. At the trial a member of the New York police force was permitted to testify on rebuttal, despite objection of defense counsel, as to certain damaging admissions made by the relator when he was under arrest and being returned by train from North Carolina to New York to stand trial. It appeared that these admissions were made at about four thirty in the morning, and that the relator had consumed three water cups of whiskey between midnight and that hour. A careful review of this testimony leaves us unconvinced that the opportunity afforded the relator to consume the whiskey was either intended or effective to obtain the admissions by trickery, coercion, or other unlawful means. Indeed, the objection to the police officers' testimony was not posited on any such ground, but only upon the basis that it was not proper rebuttal.

The order of the district court is affirmed.