The People of the State of New York, Respondent, *v.* Willie James Robinson, Appellant.

The People of the State of New York, Respondent, *v.* Ernest Jackson, Appellant.

Fourth Department, February 22, 1962.

*John G. Putnam, Jr.,* for Willie James Robinson, appellant.

*Herald P. Fahringer* for Ernest Jackson, appellant.

*Carman F. Ball, District Attorney (Leonard F. Walentynowicz* of counsel), for respondent.

*Per Curiam.* Appellants and one Williams were indicted and charged with murder, first degree — a killing that occurred while they were allegedly engaged in the commission of the crime of robbery, first degree. They were convicted of that crime with a jury recommendation for leniency. Thereupon they were sentenced to life imprisonment.

The errors that require a new trial for both appellants center upon certain statements or confessions made by them and received in evidence upon the trial. The alleged robbery and ensuing fatal shooting occurred in the evening of April 18, 1959. Appellant Jackson was arrested on April 20 and was questioned by various detectives and police officers until his final arraignment on April 22 at 2 o'clock in the afternoon. He steadfastly maintained his innocence, although statements made orally and in writing by the codefendants had identified him as one of the participants.

Following his arraignment Jackson was returned to a cell in police headquarters. That evening he was again questioned by the Police Commissioner who testified that he informed Jackson that his codefendants had admitted their participation, and Jackson should tell the truth. The latter was quoted by the Commissioner as stating that he (Jackson) " had too much to lose " and that he would " take his chances ".

The postarraignment activities of the police continued. The following day they placed a police informer in an adjoining cell to Jackson's and two detectives secreted themselves within hearing distance. The informer, in conversations with Jackson, extracted from the latter what amounted to a complete confession including the hiding places of the guns used in the robbery. These overheard conversations were related upon the trial in detail by the detectives. Subsequently the detectives went to the attic of Jackson's residence and found the two guns in the hiding place described by appellant.

The admission in evidence of these incriminatory statements and the fruits thereof after Jackson's arraignment and at a time he was represented by counsel constituted reversible error. (*People* v. *Di Biasi,* 7 N Y 2d 544; *People* v. *Waterman,* 9 N Y 2d 561; *People* v. *Meyer,* 14 A D 2d 241.)

We are also of the opinion that the statement of the appellant, Robinson, taken by the District Attorney on the morning of April 22 should have been redacted so as to eliminate therefrom references to the codefendants. We lay down no broad rule that this should be done on every occasion. But when, as here, the statement lends itself to redaction (as demonstrated in the appendix to Jackson's brief in this court) and the references to a nonconfessing defendant are particularly damaging, some method should be devised other than the cautionary instructions of the trial court to assure a fair trial (cf. *People* v. *Lombard,* 4 A D 2d 666). The statement under consideration is honeycombed with Robinson's nontestimonial statements implicating Jackson, not only as a participant, but the instigator, planner, executioner and weapons-furnisher of the ill-fated robbery. It being reasonably feasible to do so the objectionable and prejudicial matter should have been severed from the admissible portion. (Cf. *People* v. *Lee,* 4 A D 2d 770, 771.)

Upon the authorities heretofore cited, the appellant, Robinson, is also entitled to a new trial because of his interrogation following arraignment. While it is true that this defendant had made statements prior to his arraignment the postarraignment interrogation was far from harmless. On this occasion the prosecutor called before him appellant, Robinson, and the code-

fendant, Williams, who had actually carried out the robbery while Jackson waited outside. Each of the two was armed — one with a .38 and the other with a .22 caliber revolver. The latter weapon had fired the fatal shot. Each at this interrogation claimed that he had possessed the nonfatal weapon and in substance accused the other of possessing the weapon from which the fatal shot had been fired.

Upon this phase of the case we are in accord with the statement in *People* v. *Meyer* (*supra*, p. 243) : '' The fact that the resultant prejudice may have been diluted by the proper admission into evidence of somewhat similar statements made by defendant prior to arraignment does not remit the error in the admission of the statements made after arraignment. The jury may have attached greater weight to admissions procured after he came under the protective mantle of a court.''

The judgments of conviction should be reversed and new trials ordered.

As to appellant Jackson: WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ., concur; as to appellant, Robinson: WILLIAMS, P. J., BASTOW, GOLDMAN and McCLUSKY, JJ., concur; HENRY, J., dissents and votes to affirm.

Judgments of conviction unanimously reversed on the law and facts and new trials granted.