**UNITED STATES ex rel. Francis Henry BLOETH, Relator,**

v.

**Honorable Wilfred DENNO, as Warden of Sing Sing State Prison, Ossining, New York, Respondent.**

United States District Court
S. D. New York.

April 3, 1962.

On Motion for Reargument
May 9, 1962.

Anthony F. Marra, New York City, for relator.

Louis J. Lefkowitz, Atty. Gen., New York City, for respondent; Irving L. Rollins, Asst. Atty. Gen., of counsel.

CASHIN, District Judge.

This petition for a writ of habeas corpus has been filed by Francis Henry Bloeth, who is presently confined in a New York State prison awaiting execution under a sentence of death pronounced against him in the County Court of Suffolk County, State of New York, after a jury verdict of guilty of murder in the first degree. Relator was convicted on May 14, 1960 and this conviction was unanimously affirmed by the New York Court of Appeals. People v. Bloeth (1961) 9 N.Y.2d 211, 213 N.Y.S.2d 51, 173 N.E. 2d 782. On March 30, 1961 leave to reargue was denied by the New York Court of Appeals but the remittitur was amended to provide that certain questions under the Fourteenth Amendment to the Constitution of the United States were presented to and passed upon by that Court. The Amendment states:

> "Upon the appeal in this Court there were presented and necessarily passed upon questions under the Fourteenth Amendment to the Constitution of the United States, as follows: Whether defendant's confession was voluntary and whether the place of trial should have been changed. This Court held that there was no denial of any constitutional or other right of the defendant." (9 N.Y.2d 823, 215 N.Y.S.2d 769, 175 N.E.2d 347).

On October 9, 1961 the United States Supreme Court denied relator's petition for a writ of certiorari with Mr. Justice Douglas dissenting. Bloeth v. New York, 368 U.S. 868, 82 S.Ct. 98, 7 L.Ed.2d 65 (1961). Relator then applied to this court for a writ of habeas corpus. On October 30, 1961 permission was granted by this court to the relator to proceed in *forma pauperis*, and on November 20, 1961 Anthony F. Marra, Esq., the attorney of record for The Legal Aid Society of New York, was assigned as counsel to represent the relator. On January 9, 1962 relator, with the consent of this court, withdrew without prejudice his application for a writ of habeas corpus.

A second application for reargument was then made to the New York Court of Appeals raising two questions: first, that relator's confession admitted into evidence at the trial was procured in violation of his right to be represented by competent counsel and, second, that the confession was obtained while relator was being illegally detained and was thus inadmissible in a state trial under the Fourth Amendment to the Constitution of the United States. On February 22, 1962 the New York Court of Appeals denied without opinion the application for reargument and set the week of March 26, 1962 for the execution of the death sentence. On March 7, 1962 the Honorable Stanley H. Fuld, an Associate Judge of the New York Court of Appeals, denied relator's application for a stay of execution pending application to the United States Supreme Court for a writ of certiorari to review the denial of the motion for reargument.

On March 19, 1962 the Honorable John M. Harlan, an Associate Justice of the Supreme Court of the United States and Circuit Justice for the Second Circuit, denied an application for a stay of execution pending the filing and disposition of a petition to that court for a writ of certiorari to review the order and judgment of the New York Court of Appeals denying reargument. On March 26, 1962 I signed a stay of execution pending the disposition of the present petition. Bloeth v. State, 82 S.Ct. 661.

In the petition now before me the relator urges only the claims that the confession admitted in evidence against petitioner was procured in violation of his right to be represented by competent counsel devoted solely to the interests of his client and that the confession admitted in evidence against petitioner was involuntary. There appears to be no relevant facts in dispute and no request has been made that testimony be taken. I have before me the entire record of the case including a complete stenographic transcript of the trial.

From the record before me, I conclude that relator has exhausted his state court remedies and is thus not barred from making the present application. 28 U.S. C. § 2254. I also find from the record that the constitutional rights of relator have been protected and that the petition should be denied.

Relator was arrested at about 8:00 P.M. on Monday, August 10, 1960, and the relator's confession was stenographically recorded between 2:15 A.M. and 2:55 A.M. on August 14, 1960. Relator does not deny that he had counsel from the morning after his arrest until he confessed and was arraigned and charged with murder. Moreover, during this period relator had numerous visits from members of his family. Relator claims that it was these visits which caused him to make his statement confessing to the various crimes. He also claims that his counsel urged him to confess because of pressure put on counsel by relator's family and community.

▇▇ I find that relator was advised by his counsel that he was under no obligation to make any statement. He was also advised by counsel to cooperate with the police and tell them the truth. The strategy of counsel at this time was a planned defense of insanity, which was subsequently used at the trial. Because this defense failed relator cannot now claim incompetency of counsel. Relator's claim that his confession was obtained by the cooperation of his counsel with the police and that his counsel was incompetent are lacking in specific factual allegations and are conclusory in nature.

▇ I also find no merit in relator's claim that his confession was involuntary. Before he confessed, relator had numerous conferences with members of his family and his attorney. Relator was not beaten, starved or tortured. He was in no way subjected to physical or mental punishment. Relator's sole basis for this charge appears to be that his confession was "involuntary in the sense that it was not the product of the free will of the prisoner." Relator claims that "The con-

fession obtained on the morning of August 14th was the product of continued and overpowering interrogation which broke the will of the prisoner to insist upon his innocence. Its receipt into evidence was therefore in violation of relator's rights under the Constitution of the United States." Apparently, relator bases his charge on the ground that he was continuously questioned. However, the mere fact that a confession was obtained by constant questioning is not enough to make it involuntary. As was pointed out above, relator was not in isolation but was in constant touch with his family and attorney. As was said in Crooker v. California, 357 U.S. 433, 437, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958):

"The bare fact of police 'detention and police examination in private of one in official state custody' does not render involuntary a confession by the one so detained. Brown v. Allen, 344 U.S. 443, 476 [73 S.Ct. 397, 97 L.Ed. 469] (1953). Neither does an admonition by the police to tell the truth, Sparf v. United States, 156 U.S. 51, 55–56 [15 S.Ct. 273, 39 L.Ed. 343] (1895), nor the failure of state authorities to comply with local statutes requiring that an accused promptly be brought before a magistrate. Fikes v. Alabama, 352 U.S. 191 [77 S.Ct. 281, 1 L.Ed. 2d 246] (1957)."

Moreover, the issue as to the voluntariness of the confession was presented to the jury. The trial judge properly instructed the jury as to the New York rule of evidence concerning coerced confessions. I conclude that the facts support the finding of the jury that petitioner's confession was voluntary.

The petition is denied and the stay of execution is hereby vacated.

It is so ordered.

### On Motion for Reargument.

This is a motion by relator, Francis Henry Bloeth, for (1) reargument of my decision of April 3, 1962, which denied his petition for a writ of habeas corpus; (2) leave to amend the petition for a writ of habeas corpus heretofore submitted; and (3) alternatively for a certificate of probable cause and leave to appeal to the Court of Appeals for the Second Circuit in *forma pauperis.*

Relator requests permission pursuant to 28 U.S.C. § 2242 to amend his petition for a writ of habeas corpus to the extent of adding the following paragraph:

"Petitioner was denied his right to a fair trial by the denial of his application for a change of venue because the notoriety attending the alleged crimes and the conduct of the prosecutor in making known to the community, prior to trial, certain alleged facts concerning petitioner which were calculated to inflame the community and to deny to petitioner a fair and impartial trial."

This request to amend is hereby granted.

Relator's motion for reargument is granted and upon reargument the original decision is adhered to. Relator requests a hearing to determine the factual circumstances surrounding his confession and the advice given to him to confess. I find no merit in relator's claim that his counsel was motivated by a desire to suppress the charges then pending against him when he permitted relator to give the police a statement. The conduct of relator's counsel was raised and considered by the state courts. Relator's counsel testified at the trial and was cross-examined. The relator himself also testified and gave no indication that he was coerced in any manner. The jury found that the confession was voluntarily made and that its contents were true. The trial judge correctly charged the jury on this point and his charge fully complied with the requirements of due process.

I find that the factual issues concerning the circumstances of relator's confession have been fairly considered and adjudicated in the state courts. I find that relator's petition raises no new factual issues and thus there is no neces-

sity for a hearing. As was stated in United States ex rel. Kulikauskas v. Murphy, 293 F.2d 563, 566 (2 Cir. 1961):

> " * * * Where, as here, there is a complete record of the state court proceedings, and a petitioner urges factual issues resolved against him there, an evidentiary hearing in Federal *habeas corpus* is not required unless there is a 'vital flaw' in the state court fact-finding process, which we do not find, Brown v. Allen, 1953, 344 U.S. 443, 506, 73 S.Ct. 397, 97 L.Ed. 469; Rogers v. Richmond, 1958, 357 U.S. 220, 78 S.Ct. 1365, 2 L.Ed.2d 1361, on subsequent appeal, 2 Cir., 1959, 271 F.2d 364, reversed on other grounds, 1961, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed. 2d 760, or new testimony which petitioner excusably failed to produce at his trial, United States ex rel. Alvarez v. Murphy, 2 Cir., 1957, 246 F.2d 871."

Relator's amended petition charges that he was denied his right to a fair trial by the denial of his application for a change of venue because of the articles which appeared in various newspapers. On February 29, 1960, the relator brought on a motion before the Appellate Division of the Supreme Court of the State of New York for the Second Judicial Department for an order removing his trial to another County of the State. The grounds for that motion were the same as are advanced in support of the present motion. On March 2, 1960, the Appellate Division denied relator's motion and his trial began on April 19, 1960, which was about eight months following the publicity of which he complained.

■ There is nothing in the record to sustain relator's contention that the publicity which attended his arrest eight months prior to the trial inflamed the community to such an extent that he was denied a fair and impartial trial. The bare statement alone is insufficient. Shockley v. United States, 166 F.2d 704 (9 Cir. 1948) cert. den. 334 U.S. 850, 68 S.Ct. 1502, 92 L.Ed. 1773 (1948). I have examined the voir dire of the jurors who ultimately tried the relator. The transcript shows that the relator was given a full opportunity to question each juror, that each juror had either never read about the case or, if they had, had no fixed opinion about the case, and that each juror was acceptable to the relator.

Thus, relator was tried by a fair and impartial jury which was correctly charged by the trial judge. There is no evidence at all of abuse by the Appellate Division in denying the motion for a change of venue which would warrant a disturbance of the verdict by habeas corpus. United States ex rel. Burke v. Denno, 148 F.Supp. 498 (S.D.N.Y.1957), aff'd 243 F.2d 835 (2 Cir. 1957), cert. den. 355 U.S. 849, 78 S.Ct. 76, 2 L.Ed. 2d 58 (1957); United States v. Moran, 236 F.2d 361 (2 Cir. 1956), cert. den. 352 U.S. 909, 77 S.Ct. 148, 1 L.Ed.2d 118 (1956).

Upon reviewing the entire record, I find no grounds for granting relator's writ. Nor do I find any reason to grant relator a certificate of probable cause. Gay v. Graham, 269 F.2d 482 (10 Cir. 1959). However, relator's motion to appeal in *forma pauperis* is granted.

Upon reargument, my decision of April 3, 1962 is adhered to in its entirety.

A certificate of probable cause is denied but leave to appeal in *forma pauperis* is granted.

It is so ordered.