**FIRST DEPARTMENT, SEPTEMBER, 1963**

(September 11, 1963)

■ In the Matter of FRANCIS H. BLOETH, Petitioner, v. SUPREME COURT OF THE STATE OF NEW YORK, NEW YORK COUNTY, et al., Respondents.— Petition pursuant to article 78 of the Civil Practice Act for an order in the nature of a writ of prohibition to restrain the Supreme Court, New York County, from proceeding with the trial of the second count of a three-count indictment denied, without costs. Petitioner contends that he should not be tried upon the second count, charging him with violation of subdivision 2 of section 1044 of the Penal Law (felony murder), on the ground that such trial would constitute double jeopardy. A County Court jury, on May 14, 1960, found petitioner guilty of Count 1 (murder in the first degree contrary to subdivision 1 of the Penal Law), guilty of Count 3 (robbery in the first degree) and acquitted him of the afore-mentioned Count 2. This judgment of conviction was unanimously affirmed by the Court of Appeals (9 N Y 2d 211), motion for leave to reargue was denied (9 N Y 2d 827) and certiorari was denied by the United States Supreme Court (368 U. S. 868). After a second application for reargument was denied by the Court of Appeals (11 N Y 2d 798), petitioner sought habeas corpus relief in the United States District Court. This application was denied, as was an application for reargument (204 F. Supp. 263). Thereafter, a majority of the Judges of the United States Court of Appeals sitting *en banc* held that petitioner had not received a fair trial because of adverse newspaper publicity and directed the issuance of a writ of habeas corpus " conditioned to permit retention in custody for the purpose of retrial on the indictment before a proper jury " (313 F. 2d 364, 374). The People's application to the United States Supreme Court for a writ of certiorari was denied, and petitioner has been brought to trial in Supreme Court, New York County. This trial is now in progress and is at the stage

of selection of a jury. The petition before us raises serious questions in the difficult area of double jeopardy and Federal habeas corpus which we do not believe should be decided at this time in this proceeding. Whether their resolution will be eventually required is contingent upon the outcome of the pending trial. If the questioned count stood alone, such a consideration would lack force. But concededly a trial on the remaining counts, unchallenged in this proceeding and which arise from the same general factual context, cannot in any event be avoided; and under all the circumstances, an appropriate exercise of discretion requires denial of the petition. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.