THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MATTHEW WALKER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PRESTON SMITH, Appellant.— Motions by two codefendants, *pro se*: (a) to have this court hold in abeyance their pending appeals from judgments of the County Court, Suffolk County, rendered May 20, 1964 after a joint jury trial, convicting each of them of rape in the first degree and other crimes, and imposing sentence; and (b) to remit the action to the trial court for a separate trial *de novo* upon the issue of the voluntariness of defendants' confessions. These motions are made necessary because of the recent decision of the Supreme Court of the United States (*Jackson* v. *Denno*, 378 U. S. 368). It appears that the issue as to the voluntariness of defendants' confessions was raised at the trial and submitted to the jury. Accordingly, the motions are granted and the action is remitted to the Criminal Term, County Court, Suffolk County, for further proceedings not inconsistent herewith. A separate trial should be accorded promptly to the defendants upon the issue of the voluntariness of their confessions. Such trial should be held *de novo* before the court alone, without a jury. At the conclusion of the trial, the Justice presiding shall render promptly his decision setting forth specifically his findings upon the issue. The decision should be based exclusively on the evidence adduced upon such trial. The trial should also be conducted in accordance with such further or different procedures and requirements as may be prescribed by the Court of Appeals of this State in any decision rendered by it prior to the trial court's decision upon the issue of voluntariness. Within 20 days after the trial court's decision upon the issue of voluntariness,

a supplemental record, consisting of the typewritten or printed transcript of the stenographic minutes of the separate trial and of the court's decision and findings, should be filed and served by the District Attorney. Within 30 days thereafter, each defendant shall serve and file his typewritten or printed brief or supplemental brief; and within 20 days thereafter the District Attorney shall serve and file his brief or supplemental brief. [If defendants' brief or supplemental brief be typewritten, six copies are required to be filed and one copy served.] The appeals are directed to be placed on the calendar for the April Term, commencing March 29, 1965. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.