Van Voorhis, J.
A close question of fact was presented concerning the identity of appellant as the driver of the automobile which took his alleged accomplices, Anfossi and Wright, to the scene of the crime, and drove them away afterwards. A confession of Anfossi was read into evidence, over the objection of counsel for appellant, which implicated him as the driver of the automobile. At the time of its admission, appellant’s counsel asked the court to delete any references made in the statement by Anfossi which implicated appellant, nothwithstanding which Anfossi’s entire confession was received in evidence.
Where it is not possible to segregate the implication of a codefendant in a confession, for the reason that the admission of guilt is so interrelated in the involvement of the accomplice as to render it impossible for practical purposes to separate them, there is no alternative but to receive the confession and then for the court to instruct the jury to consider it only as against the one who has confessed, disregarding the implication of anyone else in the commission of the crime. Such an instruction is not a perfect solution to the problem, inasmuch as it is difficult to eliminate from the minds of the jurors the implication of the codefendant, but. it is the best that can be done under the circumstances. Here there was no abuse of discretion in ordering these defendants to be tried together, but where it is possible, as here, to separate the portions of the confession in which the confessor admits his own guilt from his involvement of another, it has been held that the confession should be redacted by eliminating the portion implicating the codefendant (People v. Robinson, 13 N Y 2d 296; People v. Robinson, 16 A D 2d 184; People v. Lombard, 4 A D 2d 666; People v. Lee, 4 A D 2d 770). *364 In the present instance, Anfossi’s implication of appellant in his confession (Exhibit 10) was in a separate paragraph from his admission of his own guilt. It was, therefore, error to admit the entire confession, over objection by appellant’s counsel, without deleting the easily severable portion which charged appellant with being an accomplice. The error was accentuated by the reference to this inadmissible portion of the confession in the summation of the prosecuting officer who argued to the jury that it supported the People’s contention that appellant was involved in the commission of the crime.
It was also error for the trial court to have refused to charge the jury that, where appellant had been confined for 34 hours before arraignment, unwarranted delay should be considered by the jury in determining whether such confession or admission was voluntarily obtained.
We have examined the other points raised and find no merit in them.
For the reasons stated the judgment of conviction should be reversed and a new trial ordered at which the Jackson v. Denno (378 U. S. 368) procedure will, of course, be followed (see People v. Huntley, 15 N Y 2d 72).
Chief Judge Desmond and Judges Dye, Fuld, Burke, Scileppi and Bergan concur.
Judgment reversed and a new trial ordered.