◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PRESTON SMITH, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered October 20, 1965 upon resentence, convicting him of rape in the first degree, attempted robbery in the first degree (four counts), grand larceny in the first degree, and carrying and use of a dangerous weapon, upon a jury verdict, and imposing sentence on the rape and one of the attempted robbery counts and suspending sentence on the remaining counts, *nunc pro tunc* as of April 3, 1963, the date of the original sentence. Judgment reversed on the law and action remitted to the County Court, Suffolk County, for resentence of defendant and for further proceedings in accordance herewith. No questions of fact were considered. Defendant was sentenced originally on April 3, 1963, as a second felony offender. That sentence was vacated by the trial court because the procedure mandated by section 2189-a of the Penal Law had not been observed. Following the psychiatric examination required by that section, defendant was resentenced on May 20, 1964, again as a second felony offender; that judgment was affirmed by this court (*People* v. *Smith*, 23 A D 2d 893) and leave to appeal to the Court of Appeals was denied by Judge BURKE on June 24, 1965. Thereafter, on defendant's motion, the trial court found that defendant had been improperly sentenced as a second offender, the sentence of May 20, 1964 was vacated, and defendant was resentenced on October 20, 1965 as a first felony offender. However, no new psychiatric examination of defendant was made prior to such resentence. In our opinion, defendant should not have been resentenced in the absence of a current psychiatric report. The sentence imposed on October 20, 1965, therefore, must be vacated; and defendant should be resentenced, following a new psychiatric examination and consideration by the court of the report thereof (cf. *People ex rel. Lawson* v. *Denno*, 9 N Y 2d 181, 184; *People* v. *Mills*, 18 A D 2d 960; *People* v. *Smith*, 22 A D 2d 333, 335; *People* v. *Mosher*, 23 A D 2d 814; *People* v. *Sawdey*, 24 A D 2d 1073). The indictment, in the simplified form permitted by sections 295-b, 295-c and 295-d of the Code of

Criminal Procedure, was sufficient (*People* v. *Langford,* 16 N Y 2d 32; *People ex rel. Walker* v. *Fay,* 24 A D 2d 762). Defendant's other contentions have been examined and in our opinion they are without merit. Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.