**UNITED STATES of America ex rel. Johnnie GREEN, Petitioner,**

v.

**Daniel A. McMANN, Warden, Clinton State Prison, Dannemora, New York, Respondent.**

**No. 67 Civ. 366.**

United States District Court
S. D. New York.

May 19, 1967.

Johnnie Green, pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for respondent, Nathan Canter, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, currently confined in Clinton State Prison serving a sentence of

from five to ten years imposed pursuant to a judgment of conviction rendered in the Supreme Court, New York County, for feloniously possessing a narcotic drug with intent to sell,[1] seeks a writ of federal habeas corpus. His conviction was affirmed without opinion by the Appellate Division,[2] and leave to appeal to the Court of Appeals was denied. He now contends that his federal constitutional rights were violated because (1) a federal agent was permitted to testify upon his trial as to statements he made at a time when he was in custody and had not been properly warned of his rights to remain silent and to counsel; (2) evidence was admitted upon his trial which was procured by an illegal search and seizure; and (3) the prosecutor, upon the trial, allegedly asked him whether he had on a number of occasions been arrested in Chicago. His claims are all without merit.

■ Assuming, as petitioner states, that he was in custody and was not warned of his rights before making the statements admitted upon the trial, his constitutional rights were not thereby violated. Johnson v. State of New Jersey[3] established that the requirements of Escobedo v. State of Illinois[4] and Miranda v. State of Arizona,[5] relating to warnings prerequisite to in-custody interrogation, apply only to trials commenced after the dates of these decisions, June 22, 1964 and June 13, 1966, respectively. Petitioner, convicted on May 28, 1963, is not entitled to the benefit of these decisions.

■ The fact, however, that the constitutional warnings were not given may have significance in determining whether a statement was freely and voluntarily made, as required by the constitutional rule which antedates Miranda and Escobedo.[6] Aside from the lack of warnings, petitioner alleges no facts or circumstances which in any way indicate that he was coerced or deceived into making a statement.[7] Lack of warnings standing alone is not a sufficient basis for finding a statement involuntary; otherwise the limitation of Miranda to prospective application would be meaningless and of no effect.

■ Petitioner's search and seizure claim is unclear. His disconnected conclusory allegations do not warrant a hearing.[8] Further, whatever the claim, it is manifestly without merit. If he is claiming that the narcotics, the subject of his indictment, were obtained by an unlawful search and seizure, that claim was resolved against him after a full and fair pretrial evidentiary hearing upon his motion to suppress, and was again resolved against him when he renewed his suppression motion upon the

1. N.Y.Penal Law, McKinney's Consol. Laws, c. 40, § 1751(2).

2. People v. Green, 23 App.Div.2d 720, 258 N.Y.S.2d 323 (1st Dep't 1965).

3. 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882 (1966).

4. 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

5. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

6. Johnson v. State of New Jersey, 384 U.S. 719, 731, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Davis v. State of North Carolina, 384 U.S. 737, 740–741, 86 S. Ct. 1761, 16 L.Ed.2d 895 (1966); Haynes v. State of Washington, 373 U.S. 503, 510–511, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); United States ex rel. Caserino v. Denno, 259 F.Supp. 784, 792 (S.D. N.Y.1966).

7. Compare Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761 (1966); United States ex rel. Caserino v. Denno, 259 F.Supp. 784, 791–792 (S.D.N.Y. 1966).

8. Sanders v. United States, 373 U.S. 1, 19–22, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 312 (2d Cir. 1963); Sobell v. United States, 264 F.Supp. 579, 582 (S.D.N.Y.1967), aff'd. on opinion below, 378 F.2d 674 (2d Cir. 1967).

trial. Since the issue was resolved against him on the merits, and petitioner does not allege nor does it appear that the state evidentiary hearings were unfair or defective, he is not entitled to another hearing in this court.[9] If petitioner's search and seizure claim is directed at the search made of his car subsequent to his arrest in the apartment, no evidence was obtained from the car and none was admitted in evidence. Therefore, assuming the search was unlawful, there is no evidence which could have been suppressed.

▮▮ Finally, petitioner's contention that he was cross-examined relative to arrests in Chicago is not supported by the record. He was asked not about prior arrests, but whether he had previously committed specific violations of law relating to narcotics. This he denied. The prosecution's questioning relating to this subject was brief and, based upon exhibits submitted to the trial court, in good faith.[10] The court instructed the jury, both when the questions were put and in its charge, that the prosecution was bound by petitioner's denials. In its charge the court further instructed the jury that the inquiry was permitted only on the question of defendant's credibility. The state's rule relating to the admission of evidence and propriety of questions as to prior criminal conduct is a matter of state criminal procedure.[11] Particularly in view of the limiting instructions given by the court, the few good faith questions put by the prosecutor raises no federal constitutional issue.[12]

The petition is dismissed.

---

9. Townsend v. Sain, 372 U.S. 293, 312–314, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) ; United States ex rel. Lo Piccolo v. LaVallee, 377 F.2d 221 (2d Cir. 1967).

10. The prosecutor based his questioning upon petitioner's fingerprint record, which showed arrests for such narcotic violations, and also upon his statement to federal agents. R. 269–71.

11. Spencer v. Texas, 385 U.S. 554, 560–564, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) ; Lisenba v. People of State of California, 314 U.S. 219, 227–228, 62 S.Ct. 280, 86 L.Ed. 166 (1941) ; United States ex rel. Thompson v. Price, 156 F.Supp. 578, 580–81 (W.D.Pa.1957), aff'd, 258 F.2d 918 (3d Cir.), cert. denied, 358 U.S. 922, 79 S.Ct. 295, 3 L.Ed.2d 241 (1958) ; United States ex rel. Burke v. Denno, 148 F.Supp. 498, 507 (S.D.N.Y.), aff'd, 243 F.2d 835 (2d Cir.), cert. denied, 355 U.S. 849, 78 S.Ct. 76, 2 L.Ed.2d 58 (1957).

12. See Spencer v. State of Texas, 385 U.S. 554, 560–565, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). And compare the extensive questioning upheld in United States ex rel. Burke v. Denno, 148 F.Supp. 498, 505–507 (S.D.N.Y.), aff'd, 243 F.2d 835 (2d Cir.), cert. denied, 355 U.S. 849, 78 S.Ct. 76 (1957).