**UNITED STATES of America ex rel. Preston SMITH, Petitioner,**

v.

**Hon. Harold W. FOLLETTE, Warden of Green Haven State Prison, Stormville, New York, Respondent.**

**No. 66 Civ. 4166.**

United States District Court
S. D. New York.

May 29, 1967.

Preston Smith, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent; Michael H. Rauch, Asst. Atty. Gen., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner was convicted after a jury trial of rape, attempted robbery and carrying and using dangerous weapons. He was sentenced on May 20, 1964,[1] prior to the decisions of the Supreme Court of the United States in Jackson v. Denno[2] and Escobedo v. State of Illinois.[3] Upon his trial, after he had objected to the introduction in evidence of certain alleged involuntary admissions, the issue of their voluntariness was submitted to the jury.

During the pendency of his appeal to the Appellate Division, the Supreme Court decided Jackson v. Denno,[4] following which the Appellate Division,[5] in anticipation of People v. Huntley,[6] remitted the case for a hearing before the court alone on the issue of voluntariness. Petitioner claimed then, as he does here, that the admissions were coerced by police threats and brutality, and also that his request to see an attorney prior to making the admissions was denied.

The hearing, involving confessions by both petitioner and a codefendant, con-

---

1. The defendant has since been resentenced twice. See People v. Smith, 26 App.Div. 2d 656, 272 N.Y.S.2d 401 (2d Dep't 1966).

2. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

3. 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

4. Supra note 2.

5. People v. Smith, 22 App.Div.2d 927, 255 N.Y.S.2d 507 (2d Dep't 1964).

6. 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965).

sumed almost two and one half days. The officers accused of coercing the admissions testified, as did petitioner and other witnesses in his behalf. The court found beyond a reasonable doubt that petitioner's admissions were not made under fear produced by threats, force or duress and were voluntarily made, and also that petitioner at no time prior to making the confessions requested or demanded to see an attorney. On appeal, the Appellate Division reviewed and accepted the trial court's finding that the confession was voluntary, and affirmed the judgment of conviction.[7]

■ This court has examined the hearing record, consisting of more than 500 pages, and finds there is no basis for interference with the trial court's conclusion that the confession was voluntary. A reading of the testimony readily establishes that this determination is abundantly supported by the record.[8] The issue was thoroughly canvassed upon the merits; petitioner, represented by the same counsel who defended him upon the trial, was afforded every opportunity to attack the state's proof and was, indeed, offered a continuance to call another witness. Apart from the testimony of the accused police officers, who categorically denied petitioner's charges, his own version of alleged occurrences is challenged by his acknowledgment that when arraigned the next morning no claim of beatings or coercive tactics was made by petitioner, who was not without prior court experience. There is no basis for a claim that the hearing was in any way unfair or defective, nor that the court misapplied the law; petitioner is not entitled to an additional hearing in this court.[9]

■ Finally, not only was petitioner's claim under Escobedo v. State of Illinois resolved against him on the facts, but further he is not entitled to the benefit of Escobedo, since his trial began prior thereto.[10] The argument that the hearing on the issue of the voluntariness of the confession was a "trial" under Johnson v. State of New Jersey is without merit.[11] Such a hearing is not tantamount to a trial under New York law.[12] Further, once the judgment of conviction was entered in the instant case, the trial was concluded; the further hearing was ordered while the case was under consideration on direct appeal, and Johnson v. State of New Jersey makes clear that Escobedo does not apply to cases which were in the appellate process at the time of the latter decision.[13]

The petition is dismissed.

7. People v. Smith, 23 App.Div.2d 893, 260 N.Y.S.2d 600 (2d Dep't 1965). Leave to appeal to the Court of Appeals and certiorari to the United States Supreme Court were both denied. 384 U.S. 1020, 86 S.Ct. 1938, 16 L.Ed.2d 1044 (1966).

8. Cf. Clewis v. State of Texas. 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967); Davis v. State of North Carolina, 384 U.S. 737, 741–742, 86 S.Ct. 1761, 16 L.Ed. 2d 895 (1966); Townsend v. Sain, 372 U.S. 293, 316, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

9. See Townsend v. Sain, 372 U.S. 293, 312–314, 83 S.Ct. 745 (1963); United States ex rel. Lo Piccolo v. LaVallee, 377 F.2d 221 (2d Cir. 1967). The fact that the constitutional warnings were not given petitioner may have significance in determining whether his confession was voluntary. Davis v. State of North Carolina, 384 U.S. 737, 740–741, 86 S.Ct. 1761 (1966); Johnson v. State of New Jersey, 384 U.S. 719, 731, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). However, the testimony of the police officers, which was credited by the state court, makes clear that apart from the lack of warnings, there is no basis for a claim of involuntariness. The total time from petitioner's arrest to the completion of his confession was approximately two hours. Compare Clewis v. State of Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967); Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761 (1966).

10. Johnson v. State of New Jersey, 384 U.S. 719, 732–734, 86 S.Ct. 1772 (1966).

11. Id. at 732, 86 S.Ct. 1772.

12. Cf. People v. Pratt, 27 A.D.2d 199, 278 N.Y.S.2d 89 (1967).

13. Johnson v. State of New Jersey, 384 U.S. 719, 732–734, 86 S.Ct. 1772 (1966).