**UNITED STATES of America ex rel. Matthew WALKER, Petitioner,**

v.

**Hon. Harold W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent.**

**67 Civ. 1972.**

United States District Court
S. D. New York.

Oct. 3, 1967.

Matthew Walker, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, for respondent. Barry Mahoney, Asst. Atty. Gen., of counsel.

## MEMORANDUM

BONSAL, District Judge.

Petitioner, presently incarcerated in Green Haven Prison, Stormville, New York, seeks a writ of habeas corpus claiming that his Federal constitutional rights were violated in the New York courts.

In February 1963 petitioner and a co-defendant, Preston Smith, were tried together before a jury in Suffolk County Court, and on February 19 they were found guilty of rape, attempted robbery, grand larceny, and carrying and using dangerous weapons. The petitioner and Smith were represented at trial by the same attorney. On May 20, 1964 petitioner was sentenced to imprisonment for 15 to 35 years, which sentence he is now serving.[1]

Following their arrest on the charges on which they were convicted, both petitioner and Smith made oral statements to the police and signed written confessions. Smith's statements and his confession incriminated the petitioner as well as himself and at the trial, Smith's statements and confession were received in evidence and his confession was read to the jury. Petitioner took the stand in his own defense and denied that he made the statements attributed to him by the police, denied the truth of the confession attributed to him, and claimed that the police coerced him to sign the confession. Smith did not take the stand.

Petitioner contends that under the Sixth and Fourteenth Amendments to the United States Constitution his right to confront the witnesses against him was violated by the use of Smith's statements and confession since petitioner did not have the opportunity to cross examine Smith. See Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965); Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); United States ex rel. Floyd v. Wilkins, 367 F.2d 990 (2d Cir. 1966). The trial judge did not instruct the jury that Smith's statements and confession could be used only against Smith and not against the petitioner, and no portions of Smith's confession were deleted. When Smith's statements and confession were offered in evidence, petitioner's attorney objected to their introduction only on the ground that the confessions were involuntary.[2] He did not request that the jury be instructed that the statements and confessions of each defendant could be considered only against the defendant who made them and not against the other defendant, nor did he object to the judge's charge which contained no such instruction. No motion was made on behalf of either the petitioner or Smith for a severance or for the deletion of incriminating references in the confessions, or for a new trial, and petitioner did not call Smith to the witness stand.

1. Smith has filed a petition for a writ of habeas corpus contending that his Federal constitutional rights were violated because his conviction was not reversed by the New York courts whereas, in New York cases cited by him, convictions have been reversed where the trial court failed to delete portions of a defendant's statements which incriminated a co-defendant and where the trial court failed to instruct the jury that statements made to the police by one defendant cannot be used against a co-defendant. Smith's petition has been denied by memorandum filed with this memorandum.

2. The issue of the voluntariness of petitioner's confession is not raised here.

However, his co-defendant, Smith, raised the issue in a petition for a writ of habeas corpus which Judge Weinfeld denied on May 29, 1967, finding that "there is no basis for interference with the trial court's conclusion that the confession was voluntary. * * *" United States ex rel. Smith v. Follette, 268 F.Supp. 751, 753 (S.D.N.Y.1967). Judge Weinfeld pointed out that Smith could not avail himself of the Supreme Court's decision in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) since he was tried prior to that decision. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Petitioner appealed his conviction to the Appellate Division, Second Department, which held his appeal in abeyance while the trial court conducted a hearing to determine the voluntariness of petitioner's and Smith's confessions (People v. Walker, 22 A.D.2d 927, 255 N.Y.S.2d 507 (1964)). See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The trial court found that both confessions were voluntary and, thereafter, the Appellate Division affirmed petitioner's conviction without opinion. People v. Walker, 24 A.D.2d 1079, 265 N.Y.S.2d 609 (1965). On February 4, 1966, Judge Burke of the New York Court of Appeals denied leave to appeal, and on October 10, 1966, the United States Supreme Court denied a petition for certiorari. Walker v. New York, 385 U.S. 864, 87 S.Ct. 121, 17 L.Ed.2d 91. Thereafter, petitioner moved four times in the New York Court of Appeals for reargument, which motions were denied. In answer to letters addressed by petitioner to Chief Judge Fuld of the New York Court of Appeals, Chief Judge Fuld's law clerk stated in a letter to petitioner dated January 26, 1967 that,

"The Chief Judge requests me to advise you that it is only necessary for a defendant to have exhausted his state remedies before seeking Federal habeas corpus relief. Such exhaustion of remedies is accomplished when a judge of this court denies leave to appeal from a determination of the Appellate Division—as happened in your case when Judge Burke denied leave to appeal on February 4, 1966."

Petitioner again moved for reargument, which motion was denied by Judge Burke on April 14, 1967, who wrote petitioner:

"I have also read the decision in ex rel Fred Floyd v. Wilkins, Second Circuit Court of Appeals [367 F.2d 990 (2d Cir. 1966)]. * * *

"I find there is no question of law which ought to be reviewed by the Court of Appeals, and therefore your application for reargument is denied.

"I have considered your argument that there is a constitutional question on the issue of confrontation, but find that even if there were such an issue, on the facts of this case it is not a question of law which would call for a reversal."

Although it may be that petitioner has not exhausted his available state remedies (see People ex rel. Keitt v. McMann, 18 N.Y.2d 257, 273 N.Y.S.2d 897, 220 N.E.2d 653 (1966)), petitioner's application will be treated as if his state remedies have been exhausted (see Fay v. Noia, 372 U.S. 391, 419–420, 425–426, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)), and is denied.

■ When Smith's statements and confession were offered in evidence at his trial, no objection was made on the ground that their introduction would violate petitioner's Sixth Amendment right to confront the witnesses against him. In New York, as in the Federal courts (see Rule 51, F.R.Crim.P.; United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966)), objection to the introduction of evidence must be made at or before trial, even where the objection is based on Constitutional grounds. See People v. De Renzzio, 19 N.Y.2d 45, 277 N.Y.S.2d 668, 224 N.E.2d 97 (1966); People v. Friola, 11 N.Y.2d 157, 227 N.Y.S.2d 423, 182 N.E.2d 100 (1962). But see People v. McLucas, 15 N.Y.2d 167, 256 N.Y.S.2d 799, 204 N.E.2d 846 (1965); People v. Kelly, 12 N.Y.2d 248, 238 N.Y.S.2d 934, 189 N.E.2d 477 (1963). Had petitioner been tried in Federal court, the absence of an objection at trial would preclude him from raising his Sixth Amendment claim on appeal (see, e. g., United States v. Indiviglio, supra) or on collateral attack in a motion under 28 U.S.C. § 2255. United States v. Re, 372 F.2d 641 (2d Cir. 1967). It would be anomalous if petitioner could challenge his conviction on Constitutional grounds in Federal habeas corpus proceedings when he cannot do so in the State courts and would not be able to do so had he been tried in the

Federal courts. See United States ex rel. Forella v. Follette, 269 F.Supp. 627 (D.C.1967).

A reading of the trial record reveals that petitioner's attorney conducted a vigorous defense on petitioner's behalf. The victim of the alleged crimes with which petitioner and Smith were charged testified against them, and a reading of the record discloses abundant evidence upon which the jury could reach a guilty verdict.

In his defense, petitioner testified at the trial that he knew the complaining witness and that they had had intercourse on several occasions prior to the night on which the crimes in question were committed. On that night, according to petitioner, he and the complainant had intercourse in a lovers' lane, following which, they stopped at a bar and met Smith. (R. 427, 431–434).[3] They left together, petitioner driving complainant's car with her in it and Smith following, driving petitioner's car. It was "real, real foggy," and petitioner testified he hit the curb and ran into a pole. (R. 433–434). Complainant's injuries, according to petitioner, were due to this accident, and not to the assault charged in the indictment. Petitioner's theory was obviously that by reason of the accident, complainant thought that it might become known to her husband and others that she had been consorting with a Negro. Therefore, to avoid this, the complainant concocted the story which she told to the police, and which she told at the trial. The police, conniving with the complainant, then prepared confessions for petitioner and Smith tailored to the statements made to them by the complainant, and then petitioner and Smith were coerced into signing their respective confessions. (R. 551).

It was therefore important that both petitioner's and Smith's confessions and statements be received in evidence, and this may explain why no objection was made by the defendants' attorney.

In reaching its verdict, it is clear that the jury believed the complainant and did not believe petitioner's testimony. A reading of the entire record satisfies the court that there was no error in the jury's conclusion. The failure to object or to make any motions when Smith's statements and confession were received in evidence bars petitioner from attacking his conviction in this proceeding on the ground that his Sixth Amendment rights were violated. Nelson v. People of State of California, 346 F.2d 73 (9th Cir.), cert. denied, 382 U.S. 964, 86 S.Ct. 452, 15 L.Ed.2d 367 (1965); United States ex rel. Schaedel v. Follette, 275 F.Supp. 548 (S.D.N.Y. July 21, 1967); United States ex rel. Moore v. Follette, 275 F.Supp. 416 (S.D. N.Y. May 23, 1967). Under New York law petitioner's attorney could have objected to the use of Smith's statements and confession. See People v. Vitagliano, 15 N.Y.2d 360, 258 N.Y.S.2d 839, 206 N.E.2d 864 (1965); People v. Marshall, 306 N.Y. 223, 117 N.E.2d 265 (1954); People v. Robinson, 16 A.D.2d 184, 224 N.Y.S.2d 705 (4th Dept. 1962). Nevertheless, no objection was made, which binds petitioner as a "deliberate bypassing of State procedures." (Fay v. Noia, supra, 372 U.S. at 439, 83 S.Ct. 822), waiving the claim petitioner now seeks to assert. See Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). New York has a substantial interest in requiring contemporaneous objection to the introduction of evidence. See Henry v. Mississippi, supra; United States v. Indiviglio, supra.

Petitioner has alleged no facts to show that his attorney's failure to take action was not deliberate. Therefore, petitioner is not entitled to a hearing since he has not met his burden of alleging facts sufficient to indicate that finding of non-waiver could be made if a hearing was held. United States ex rel. Schaedel v. Follette, supra; United States ex rel. Moore v. Follette, supra;

3. All references are to the transcript of petitioner's trial in Suffolk County Court.

see also United States ex rel. Tangredi v. Wallack, 236 F.Supp. 205 (S.D.N.Y. 1964), modified, 343 F.2d 752 (2d Cir. 1965); Mirra v. United States, 255 F. Supp. 570, 573 (S.D.N.Y.1966), aff'd, 379 F.2d 782 (2d Cir. June 27, 1967).

This case has no resemblance, whatsoever to United States ex rel. Floyd v. Wilkins, 367 F.2d 990 (2d Cir. 1966), relied upon by petitioner. In that case, a confession of Floyd's co-defendant, made nine years after the crime was committed, was introduced against Floyd, who was only sixteen years old at the time of the crime. The Court of Appeals noted that the evidence against Floyd was slight and stated that, "lack of confrontation, together with the other circumstances here, amounted to a lack of Fourteenth Amendment due process." 367 F.2d at 994. Here, at petitioner's trial, the evidence of his guilt was substantial and the record reveals that his trial was not lacking in the fundamental fairness required by the Fourteenth Amendment. See Pointer v. State of Texas, 380 U.S. 400, 408–409, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (Mr. Justice Harlan concurring in the result).

The decisions of the Supreme Court in Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965) and Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) are also inapposite. In Douglas v. Alabama, supra, the State called a witness who invoked the privilege against self-incrimination and refused to answer any questions concerning the crime that he and Douglas were alleged to have committed. Then, "under the guise of cross-examination" (380 U.S. at 416, 85 S.Ct. 1074), the State Solicitor read the witness's confession which incriminated Douglas. In Pointer v. Texas, supra, testimony was introduced at Pointer's trial which had been given by a witness at a preliminary hearing where Pointer was not represented by counsel. When Pointer was tried, the witness had moved to another state and apparently was not available to testify.

Consequently, Pointer never had an adequate opportunity, through counsel, to cross examine the witness. Unlike the situations in *Douglas* and *Pointer*, here Smith was in the courtroom at the trial, and could have been called to the witness stand if Smith's testimony would have aided petitioner's defense. A conference outside the hearing of the jury could have been held to determine whether Smith would invoke the privilege against self-incrimination if he was called to testify. No effort was made, however, to call Smith to the witness stand.

For the foregoing reasons, petitioner's application for a writ of habeas corpus is denied, and his application for a certificate of probable cause is also denied. If he is so advised, petitioner may apply to the Court of Appeals for a certificate of probable cause pursuant to 28 U.S.C. § 2253.

It is so ordered.