**UNITED STATES of America ex rel. Nathaniel HALL, Petitioner,**

v.

**Hon. John T. DEEGAN, Warden, Sing Sing Prison, Ossining, New York, Respondent.**

**No. 68 Civil 4251.**

United States District Court
S. D. New York.

April 24, 1969.

Nathaniel Hall, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; Michael Jaffe, Asst. Atty. Gen., of counsel.

EDWARD WEINFELD, District Judge.

Petitioner, currently serving two concurrent seven and a half to fifteen year sentences at Sing Sing state prison following his conviction after trial to a jury on two counts of felonious sale of narcotics, seeks his release on a writ of habeas corpus. He now raises a series of constitutional challenges to the validity of the judgment of conviction. However, only one of these need be considered here, since none of the other alleged constitutional violations has been presented to and finally passed upon by the state courts. The one claim as to which he has exhausted available state remedies is the admission into evidence of an inculpatory statement, and as to that, a review of the record shows it is without substance.

Petitioner was arrested January 28, 1965, two days after a second sale of narcotics to a female police officer. Her movements and those of petitioner had been under the surveillance of three other officers, all of whom testified upon the trial. Petitioner was taken to a stationhouse where, while his pedigree

---

was being taken, one of the officers said he could help himself by cooperating, whereupon petitioner said, "Give me the times and dates and I'll tell you if I made the sale." Prior thereto, petitioner had been advised that he had been arrested for selling heroin; that he would not have to say anything, but was not advised of his right to counsel.[1] Upon the trial the defense was notified by the prosecutor that he intended to introduce the inculpatory statement and defendant was offered a Huntley hearing on its voluntariness in the absence of the jury.[2] The defendant took the position that he had made no statement and his counsel expressly declined to challenge it on the grounds of voluntariness. No objection was made to the introduction of the statement, and in summation to the jury, consistent with the defense strategy, petitioner's counsel branded the inculpatory statement as a fabrication. No request was made that the court include in its charge any reference to the voluntariness of the statement or the absence of counsel, and no exception was taken with respect thereto.

The petitioner in effect seeks to apply Miranda[3] retrospectively, which it does not.[4] His further attempt to bring his case within Escobedo[5] also fails.[6] It bears no comparison with the facts in that case; petitioner made no request for counsel at or before the time of the statement.

■■ Finally, as to the inculpatory statement itself, which without proof other than petitioner's say-so that it was fabricated,[7] he may not now claim that it was involuntary. Under petitioner's trial strategy, his counsel deliberately waived any issue as to voluntariness, concentrating upon the claim that petitioner never made the admission attributed to him. Counsel's action binds petitioner here.[8] The issue whether petitioner made the statement was for the jury, before which there was evidence sufficient to support an adverse finding.[9]

The petition is dismissed.

1. See Frazier v. Cupp, 394 U.S. ——, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969) ; Davis v. North Carolina, 384 U.S. 737, 740–741, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); United States ex rel. Green v. McMann, 268 F.Supp. 529, 530 (S.D.N.Y. 1967).

2. People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965).

3. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); cf. Frazier v. Cupp, 394 U.S. ——, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969).

5. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

6. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

7. See United States ex rel. White v. Fay, 349 F.2d 413, 414 (2d Cir. 1965);

United States ex rel. Homchak v. People, 323 F.2d 449, 450–451 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964).

8. Henry v. Mississippi, 379 U.S. 443, 450, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); cf. United States ex rel. Bruno v. Herold, 408 F.2d 125, at 138–41 (2d Cir. Feb. 14, 1969) (Waterman, J., dissenting); United States ex rel. Schaedel v. Follette, 275 F.Supp. 548 (S.D.N.Y.1967); United States ex rel. Moore v. Follette, 275 F.Supp. 416 (S.D.N.Y.1967); see also United States ex rel. Walker v. Follette, 274 F.Supp. 180 (S.D.N.Y.1967), aff'd, 405 F.2d 1199 (2d Cir. 1969).

9. Cf. Garner v. Louisiana, 368 U.S. 157, 163, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961); Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); United States ex rel. Chiarello v. Mancusi, 288 F.Supp. 178, 179 (S.D.N.Y. 1968).